**Phillip G. ANDERSON,**
**Plaintiff–Appellant,**

**v.**

**OPERATIVE PLASTERERS' AND CE-
MENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL NO. 12 PEN-
SION AND WELFARE PLANS, Defen-
dant–Appellee.**

**No. 92–3164.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 19, 1993.

Decided April 6, 1993.

Craig J. Reiser (argued), Kingery, Durree, Wakeman & Ryan, Peoria, IL, for plaintiff-appellant.

Stephen J. Feinberg (argued), Michael C. Greenfield, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for defendant-appellee.

Before BAUER, Chief Judge, CUDAHY, and POSNER, Circuit Judges.

BAUER, Chief Judge.

Phillip Anderson appeals a district court order granting summary judgment in favor of Operative Plasterer's and Cement Masons' International Association Local No. 12 Pension and Welfare Plans ("Pension Fund"). Because we conclude that the Pension Fund is entitled to judgment as a matter of law, we affirm.

## I.

Phillip Anderson, a member of the Pension Fund (an employee pension plan within the meaning of 29 U.S.C. § 1002(2)(A)), last worked in 1978 when he suffered a disabling injury at work. Pursuant to the Social Security Act, Anderson was found disabled in February of 1987. Anderson subsequently applied to the Pension Fund for disability benefits as provided in the Pension Fund's "Plan of Benefits" ("Plan"). In September of 1989, the trustees of the Pension Fund determined that Anderson had not established disability within the meaning of the Plan.

Anderson, in response, brought suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking review of the trustees' determination. Following discovery, the parties filed cross-motions for summary judgment. Anderson claimed that the plain language of the Plan required the trustees to accept the Social Security Administration's finding of disability for purposes of Plan benefits. Nevertheless, the district court granted the Pension Fund's motion and entered judgment accordingly. Anderson appeals.

## II.

In reviewing a district court order granting summary judgment, we determine *de novo* whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. All inferences are drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Imperial Casualty & Indemnity Co. v. Chicago Housing Authority*, 987 F.2d 459, 461 (7th Cir.1993). In the present case, we conclude that no genuine issues of material fact exist and that the Pension Fund is entitled to judgment as a matter of law.

Anderson raises two claims on appeal: first, that the plain language of the Plan [1] divests the Pension Fund trustees of discretion to deny benefits once the Social

---

**1.** The Plan states in relevant part:
> If a participant becomes totally and permanently disabled on or after his disability benefit qualification date (as defined below), such disabled participant shall be entitled to elect

> ... a disability benefit as of the date he is determined to be entitled to total and permanent disability benefits under the Social Security Act.

(R. 12 Ex. A at 12.)

Security Administration has made a disability determination; and, second, that even if the trustees have discretion to determine disability, their determination of ineligibility was unreasonable. We address each claim separately.

### A. *Trustee Discretion*

 We review benefit determinations *de novo* unless the trustees of a plan have discretionary authority to determine eligibility; in such cases, our review is subject to an arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989). The Pension Fund asserts that it has discretionary authority to make eligibility determinations and cites two Plan provisions for support.

Under the Plan's "General Provisions", the trustees have the power to "reconcile, determine, interpret and construe any question or dispute arising in connection with definitions of terms, rights, status or classification of employees, or any other dispute arising under this plan." (R. 12 Ex. A at 22.) Further, under the "Total and Permanent Disability Benefit" section, the trustee must "determine the existence, extent, cause and continuance of disability from time to time...." *Id.* at 12. Given the language of these provisions, it is apparent that the trustees have the authority to make a discretionary assessment of disability when reviewing an application for Plan benefits. *Fuller v. CBT Corp.,* 905 F.2d 1055, 1058 (7th Cir.1990) (holding that plan language giving the trustees the power to "construe" gives them the discretion to interpret the plan).

 Anderson, however, asserts that the language of the plan stating that the participant "shall be entitled to elect ... a disability benefit as of the date he is determined to be entitled to total and permanent disability benefits under the Social Security Act," mandates a contrary conclusion. This argument is not persuasive. The Pension Fund argues, and we agree, that this language provides a date or event after which the participant may receive benefits.

It does not guarantee benefits once the Social Security Administration makes a disability benefits determination. In any case, the plan gives the trustees the power to construe and interpret the plan and the trustees have determined that the provision's language does not guarantee benefits. Consequently, we must review the trustees' denial of benefits under an arbitrary and capricious standard. *Id.* That is, we will not upset the trustees' determination unless it is "downright unreasonable." *Id.; see also Firestone,* 489 U.S. at 111, 109 S.Ct. at 954.

### B. *Trustees' Determination*

 We now address the reasonableness of the trustees' determination and inquire whether any question of material fact exists. The Pension Fund trustees based their decision to deny Anderson benefits on an examination conducted by an independent orthopedic surgeon in December of 1989. The physician, Dr. Weinger, concluded that Anderson had no "disabling back problems" at the time of the examination. (R. 15 Ex. F. at 3.) The trustees also focused on Anderson's failure to seek medical treatment for his injury, the lack of objective evidence of disability in Anderson's personal physicians' examinations, Anderson's numerous rejections for Social Security benefits, and Anderson's minimal loss of use of his left knee.[2]

Anderson asserts that a question of fact exists as to the reasonableness of the trustees' determination because the trustees allegedly departed from "a uniform practice of accepting the disability findings of the Social Security Administration." Brief of Appellant at 13. His assertion, however, has no support in the record. Although the trustees never disagreed previously with the findings of the Social Security Administration, the trustees habitually reviewed physicians' examination reports of disability. In addition, the trustees note that they have never been presented with a case as unusual as the one presented by Anderson. Never before has a participant sought ben-

---

2. Anderson suffered only a 17.5% loss of use of his left knee. (R. 15 Ex. D. at 2.)

efits with such a minimal level of disability and with a history of several rejections of benefits by the Social Security Administration. Based on these factors, we conclude that the trustees' determination that Anderson was not disabled for purposes of Plan benefits was not unreasonable, and further find no genuine issues of material fact.[3]

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

3. Anderson also asserted in his brief that an unnamed trustee asked Anderson if "he had finally cried enough to his congressman to receive Social Security benefits." Brief of Appellant at 15. Anderson claims that this statement raises an issue of material fact which precludes summary judgment. This statement, if made, however, does not demonstrate or suggest that the trustees' determination was unreasonable.