Gloria PAGAN, Plaintiff,

v.

The NYNEX PENSION PLAN and The Nynex Corporation, Defendants.

No. 93 Civ 1336 (VLB).

United States District Court,
S.D. New York.

·March 4, 1994.

**20**

Donald L. Sapir, White Plains, NY, for plaintiff.

William R. Blane, White Plains, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

The primary issue presented by this ERISA pension case brought pursuant to 29 U.S.C. § 1002 *et seq.* is whether or not state workers' compensation or Social Security benefit decisions can trigger otherwise unauthorized liability of a private pension plan to pay disability pension benefits. Plaintiff seeks a determination that a pension is due where part of the required 52 weeks of disability payments was only paid because of a state workers' compensation order contrary to the plan's findings.

The case also raises questions of the adequacy of notice to plan beneficiaries of the criteria for such benefits and the fairness of the plan's procedures for determining disability. Both parties have moved for summary judgment under Fed.R.Civ.P. 56; plaintiff also seeks sanctions. Plaintiff's motions are denied; defendants' motion for summary judgment dismissing the complaint is granted and the clerk is directed to close this case.

### II

The operative facts are undisputed. Plaintiff, an employee of the defendant employer (the NYNEX Corporation) covered by the defendant NYNEX Pension Plan (the "plan"), had an allergic reaction to tobacco smoke and ceased working. The defendants recognized her entitlement to benefits for a limited period after the reaction but determined that she could return to work before the expiration of the 52 week period of disability benefits necessary for a disability pension under the plan. She did not return and was terminated.

Plaintiff's own physician had told NYNEX medical personnel that plaintiff could work in a smoke-free environment. Medical reviews under the plan included a second opinion which the employee could have conducted by a physician selected by mutual agreement of the company and the union having the applicable collective bargaining agreement.

Plaintiff secured rulings contrary to those of the plan from the state workers' compensation authorities and the Social Security Administration resulting in financial benefits, but these decisions of this type were not set forth in the ERISA plan as affecting availability of pensions or other benefits under it.

The plan documents made it clear that to be eligible for a disability pension an employee must "have received 52 weeks of Sickness Disability Benefits under the Company's Sickness and Accident Disability Benefit Plan."

### III

ERISA, in order to encourage employers to create employee benefit plans under the Act, calls for decisionmaking concerning eligibility for benefits to be made under the plans involved, subject to judicial review based upon the plan terms and a background prohibition against arbitrary or capricious rulings; state law is preempted with respect to eligibility and benefit determinations. *Smith v. Dunham–Bush*, 959 F.2d 6, 8 (2d Cir.1992); *Gilbert v. Burlington Industries*, 765 F.2d 320, 327 (2d Cir.), *aff'd* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986); *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146–47 (2d Cir.1989).

Workers' compensation definitions of disability are not binding on ERISA plans. *Kunstenaar v. Connecticut General Life Ins. Co.*, 902 F.2d 181, 184 (2d Cir.1990). Were the contrary the case, employers might be reluctant to place their pension funds at risk of being put in financial straits as a result of shifting attitudes of state workers' compensation administrators, contrary to the intent of Congress. Moreover, differences from state

to state would adversely affect interstate businesses seeking to apply uniform standards to all employees for the purpose of promoting good labor employer-employee relations.

■ Social Security · determinations are likewise not binding on ERISA plans, and should not have unintended side effects on such plans not contemplated when the plans were initiated, or by Congress in creating the Social Security disability structure. *Anderson v. Operative Plasterers*, 991 F.2d 356, 358 (7th Cir.1993); *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1286 (9th Cir.1990).

■ The impartiality of the plan's medical determinations are important in evaluating the degree of deference to be accorded them within the scope of the somewhat general "arbitrary or capricious" standard. See *Derico v. IBM*, 1993 WL 106799, 1993 US Dist LEXIS 4546 (S.D.N.Y.Dkt. No. 93 Civ. 0823, Apr. 6, 1993). In this case such impartiality is supported by equal roles of the plan and union representing the employees, required to represent those employees fairly,[1] in selecting the physician to provide a second opinion if requested.[2]

■ An openminded as opposed to rigid approach toward information submitted by plan beneficiaries and their treating physicians is a background factor buttressing or eroding the impartiality of a plan's decision-making procedures. Here, plan physicians took into account the view of plaintiff's physician indicating that the effects of the allergic reaction to tobacco smoke were not permanent, so that plaintiff could return to work in a smoke-free environment.

There is no violation here of terms of the plan, nor of disclosure requirements. The plain meaning of the plan document is consistent with the plan's interpretation of its terms. See *Shea v. Road Carriers Local 707*, 818 F.Supp. 631 (S.D.N.Y.1993). The

disclosure made is also sufficient to inform plaintiff of the requirements for securing a disability pension.

SO ORDERED.

---

**1.** See *Steele v. Louisville & Nashville RR*, 323 U.S. 196 (1944) (duty of fair representation of collective bargaining representatives).

**2.** This procedural assurance of fairness militates against the need for a court-appointed expert to

assist in judicial resolution of conflicting plausible medical claims. See *Scott v. Spanjer Bros*, 298 F.2d 928, 930–31 (2d Cir.1962); *DeAngelis v. A. Tarricone, Inc*, 151 F.R.D. 245 (S.D.N.Y.1993).