102 F.3d 1435
 20 Employee Benefits Cas. 2265, Pens. Plan Guide P 23931B
Anthony V. TROMBETTA, Jack G. Lebar, William Thorpe, et al.,
Plaintiffs-Appellants,
v.
CRAGIN FEDERAL BANK FOR SAVINGS EMPLOYEE STOCK OWNERSHIP
PLAN, and ABN AMRO U.S. Group Employee Benefits
Committee, Defendants-Appellees.
 No. 96-1389.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 13, 1996.
Decided Dec. 19, 1996.
Rehearing Denied Feb. 7, 1997.
 
 James A. McGurk; Michael Sweig Mendelson, Arthur U. Elils, McConnell & Mendelson; and Donald L. Metzger (argued), Metzger & Associates, Chicago, IL, for Plaintiffs-Appellants.
 Michael Warren Sculnick (argued), Thomas P. Desmond, Marianne W. Culver, Vedder, Price, Kaufman & Kammholz; and James M. Crowley and Michael R. Kolloway, Rock, Fusco, Reynolds, Crowe & Garvey, Chicago, IL, for Defendants-Appellees.
 Before CUDAHY, KANNE and ROVNER, Circuit Judges.
 ILANA DIAMOND ROVNER, Circuit Judge.
 
 
 1
 Plaintiffs contracted with Cragin Bank for Savings ("Cragin") to be loan originators, and bring the present claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"), alleging that they are entitled to benefits under the Cragin Employee Stock Ownership Program (the "ESOP"). The defendants, Cragin ESOP and its administrative board, ABN AMRO U.S. Group Employee Benefits Committee (the "Committee"), contend that plaintiffs have always been independent contractors, not employees, and as such have never been eligible to participate in the Cragin ESOP. We must determine in this appeal the standard under which a court may review the Committee's finding that the plaintiffs are not employees, and whether, under that standard of review, the Committee's finding may be sustained. The district court ruled that, because the plan at issue granted discretion to the Committee to interpret and apply the ESOP plan terms, the Committee's decisions should be reviewed under the deferential arbitrary and capricious standard. The district court further found that the Committee's ruling as to plaintiffs' status was not arbitrary or capricious. For the reasons stated below, we agree with the district court's conclusion and thus affirm its judgment.
 
 BACKGROUND
 
 2
 Plaintiffs worked for Cragin as loan originators under contracts which specified that "[i]t is the parties' intention that [each plaintiff] shall be an independent contractor and not Cragin's employee for all purposes." As loan originators, plaintiffs solicited, procured, prepared and submitted mortgage loan applications to Cragin. Although Cragin allowed plaintiffs to participate in certain employee benefits programs at plaintiffs' own expense, Cragin never invited plaintiffs to participate in the ESOP. The ESOP was a retirement benefit plan subject to Title I of ERISA. The ESOP accumulated shares of Cragin Financial Corporation, the holding company for Cragin, in a trust for the benefit of eligible employees or their beneficiaries. The committee that administered the ESOP was given "exclusive responsibility and authority to control and manage the operation and administration of the Plan, including the interpretation and application of its provisions." Cragin ESOP at § 12.1. The ESOP also granted the committee the specific power to "determine which Employees qualify to enter the Plan." Id. at § 12.9.
 
 
 3
 On June 1, 1994, ABN AMRO North America, Inc. ("ABN AMRO") purchased Cragin Financial Corporation. As a result of the purchase, the ESOP stock was liquidated and the ESOP was terminated. Upon learning that ABN AMRO was to purchase Cragin, plaintiffs filed suit in the district court to enjoin the sale until their claim for benefits under the ESOP could be adjudicated. The complaint was dismissed without prejudice to allow plaintiffs to present their claim to the Cragin Committee. After the Cragin Committee denied plaintiffs' claim, plaintiffs appealed to the Committee for ABN AMRO, which had taken over administering the ESOP after ABN AMRO purchased Cragin. That Committee held a hearing at which plaintiffs appeared with counsel to make a full presentation of their claims. On January 13, 1995, the Committee issued a written opinion denying plaintiffs' claims. Plaintiffs then refiled their action in the district court.
 
 
 4
 The district court granted summary judgment to defendants, reviewing the Committee's decision under the arbitrary and capricious standard, and finding that the Committee's decision in denying plaintiffs' claim for benefits under the ESOP passed muster. The district court reasoned that because the plan granted discretion to the Committee to determine who was eligible to participate in the plan, the court's review must be deferential. The district court thus considered whether the Committee was unreasonable in determining (a) that the terms of the plan excluded individuals who had signed agreements designating themselves as independent contractors; and (b) that plaintiffs did not meet the standard for common law employees. The district court found that both of the Committee's conclusions were based on careful and reasonable consideration of the facts before the Committee and the applicable law.
 
 DISCUSSION
 
 5
 In reviewing the district court's order granting summary judgment, we review de novo whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. All reasonable inferences are drawn in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2510-12, 91 L.Ed.2d 202 (1986); Anderson v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local No. 12 Pension and Welfare Plans, 991 F.2d 356, 357 (7th Cir.1993). There are two issues on appeal: whether the district court applied the correct standard in reviewing the Committee's decision, and whether, in light of the proper standard, the Committee erred in denying plaintiffs' claim for benefits.
 
 
 6
 Benefit determinations are reviewed de novo unless the trustees of the plan have discretionary authority to determine eligibility. If the trustees have such discretion, then review of the trustees' decisions is conducted using an arbitrary and capricious standard. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989); Anderson, 991 F.2d at 358. The issue here, then, is whether the ESOP plan gives the Committee discretion to determine who is eligible for the plan. Plaintiffs agree that section 12.1 of the ESOP grants broad discretion to the Committee to control and manage the operation and administration of the plan, including the discretion to interpret the plan. Plaintiffs concede that if section 12.1 were the only provision addressing the Committee's discretion, then the arbitrary and capricious standard would apply. Plaintiffs also concede that section 12.1 was a grant of discretionary authority to determine the meaning of the term "Employee" as used in the plan. Plaintiffs argue, however, that section 12.9, which granted the Committee the power to "determine which Employees qualify to enter the Plan," supersedes section 12.1, and removes discretion from the Committee to determine who qualifies for the plan. Although conceding that no "magic language" is required for a grant of discretionary authority, plaintiffs nonetheless argue that "magic language" would be required in section 12.9 because the plan uses such language in other provisions, including section 12.1 ("the Committee shall have exclusive responsibility and authority"). Thus, plaintiffs argue, this separate, lesser grant of authority in section 12.9 removes discretion from the Committee to decide which Employees qualify for the plan.
 
 
 7
 We find section 12.9 consistent with and supplemental to section 12.1. Plaintiffs correctly state that a plan's terms should be interpreted as they would be by a plan participant of average intelligence and experience. Senkier v. Hartford Life & Accident Ins. Co., 948 F.2d 1050, 1052-53 (7th Cir.1991). The court must look to the plain language of the plan and determine whether the terms in question are clear; if the language is unambiguous, the inquiry need go no further. Ryan v. Chromalloy Am. Corp., 877 F.2d 598, 602 (7th Cir.1989). The plan here is not ambiguous. Section 12.1 grants broad discretionary authority to the administrator (in this case the Committee) to determine the meaning of the plan provisions, including the meaning of the term "Employee;" and how that term is defined to a significant degree controls who may participate in the ESOP. Nothing in section 12.9's express grant of authority to determine eligibility signals a constriction of this discretion; on the contrary, we have already ruled that similar supplementary language granting the power "to determine" is a grant of discretionary authority. See Anderson, 991 F.2d at 358; Allison v. Dugan, 951 F.2d 828, 832-33 (7th Cir.1992). Plaintiffs' reading of the plan would, in effect, mean that the Committee had broad discretion in defining the term "Employee," but no discretion in determining which Employees were eligible to participate in the plan. Thus, the district court was correct in applying an arbitrary and capricious standard of review to the Committee's decision.[1]
 
 
 8
 The arbitrary and capricious standard is the least demanding form of judicial review of administrative action, and any questions of judgment are left to the administrator of the plan. Pokratz v. Jones Dairy Farm, 771 F.2d 206, 209 (7th Cir.1985). Absent special circumstances such as fraud or bad faith, the Committee's decision may not be deemed arbitrary and capricious so long as it is possible to offer a reasoned explanation, based on the evidence, for that decision. Exbom v. Central States, Southeast and Southwest Areas Health and Welfare Fund, 900 F.2d 1138, 1142 (7th Cir.1990). A decision is arbitrary or capricious only when the decisionmaker "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence ..., or is so implausible that it could not be ascribed to difference in view or the product of ... expertise." Pokratz, 771 F.2d at 209 (citing Motor Vehicle Mfrs' Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983)).
 
 
 9
 The Committee properly considered all of plaintiffs' evidence relating to the nature of their relationship with Cragin. The ESOP provides that "Employees" are eligible to participate in the plan, where "Employee" is defined as "any individual who is or has been employed or self-employed by an Employer." Using the language of the plan as its guide, the Committee thus considered whether plaintiffs were "self-employed by an Employer" or whether they were "employed by an Employer." Because the plan defined "Employer" narrowly to mean Cragin, an affiliate of Cragin as contemplated under the Internal Revenue Code, or an entity that succeeded to the business of Cragin and adopted the ESOP, the Committee reasonably concluded that plaintiffs were not self-employed by an Employer. Rather, the Committee found, plaintiffs were self-employed by themselves.[2]
 
 
 10
 Similarly, under the language of the ESOP, the Committee determined that plaintiffs were not "employed" by an Employer because each had signed an agreement designating themselves as independent contractors for all purposes. Plaintiffs conceded at oral argument that they, in fact, considered themselves to be independent contractors for some purposes, such as tax liability. The Committee reasonably concluded that persons who were identified both by themselves and by Cragin as independent contractors were not in the same category as persons identified by Cragin as Employees for the purposes of benefits determinations. Nor had Cragin expressed any intent to treat plaintiffs as Employees for the purposes of the ESOP. Cragin had consistently denied plaintiffs participation in the ESOP, and had never provided plaintiffs with ESOP benefits statements or copies of the Summary Plan Description.
 
 
 11
 Finally, the Committee considered the evidence offered by plaintiffs to show that they were common law employees. Plaintiffs argued that if they were common law employees, then they were "employed by an Employer" and thus were eligible for the plan. Although Cragin never conceded that status as a common law employee would be sufficient to establish eligibility in the ESOP, the Committee nonetheless carefully considered and rejected plaintiffs' evidence under the standard for common law employees set out in Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). The Committee assessed the evidence about plaintiffs' relationship with Cragin in light of the appropriate Darden factors, including control and supervision, skill level, payment for services, length of association and the intent of the parties. The Committee found that plaintiffs were not common law employees because they were free to set their own work schedules, devise their own marketing strategies, and develop their own methods of soliciting mortgage loan applications. Further, plaintiffs used their own skill, discretion and knowledge to carry out their jobs, they were not supervised as much as in-house loan solicitors, and they paid their own licensing and permit fees. Their compensation was based on commissions instead of salary, they were allowed to participate in Cragin insurance plans only at their own expense, and they received no sick or vacation pay. Additionally, the intent of the parties was that the status of plaintiffs be that of an independent contractor and not an employee as evidenced by the service contracts making this explicit designation. All of these Committee decisions were well within the bounds of its discretion to interpret the terms of the plan and cannot be called arbitrary or capricious.
 
 
 12
 Nevertheless, plaintiffs make a number of conclusory arguments about the allegedly arbitrary nature of the Committee's decision. The gist of these arguments is that the phrase "employed by an employer" is used in ERISA, and has already been conclusively interpreted by the Supreme Court in Darden. Plaintiffs argue that because Darden applied the test for common law employees to that phrase, it was arbitrary and capricious for the Committee to interpret the phrase differently. Plaintiffs' argument misses the mark for a number of reasons. First, there is no requirement that the phrase carry the same meaning under the Cragin plan that the Supreme Court has afforded a similar phrase in the statute. The phrase "employed by an Employer" as used in the plan contains a defined term, and Cragin is free to define the terms in its plan however it wishes. Those terms or phrases may be given different meanings than those we have ascribed to similar language in the statute. Second, plaintiffs misapprehend the significance of a determination that they are employees of Cragin. It is not enough to determine that they are common law employees of Cragin because Cragin need not extend this benefits plan to all employees. As the district court correctly noted, Darden construed the term "employee" for the purposes of determining who has standing to sue under ERISA. "Nothing in ERISA, however, compels a plan to use the term 'employee' in the same way it is used in the statute. Indeed, because a plan governed by ERISA need not include all categories of employees, there is no reason to expect that it would." Memorandum Opinion and Order, January 17, 1996, at p. 9. Furthermore, as discussed above, the Committee considered whether plaintiffs were common law employees and determined that they were not.
 
 
 13
 Third, plaintiffs' interpretation of the phrase "employed by an Employer" requires that the Committee completely ignore the fact that plaintiffs signed service agreements in which they agreed that, for all purposes, they were independent contractors and not employees of Cragin. This fact alone distinguishes the analysis from Darden, where no such agreements were executed. Although the Committee did not rely solely on the service agreements in its determination that plaintiffs are not eligible for the ESOP, it was certainly entitled to use the express language of the service agreements as a factor in its decision. The Committee was neither arbitrary nor capricious in reading the service agreements in conjunction with the ESOP plan.
 
 
 14
 To be sure, plaintiffs are able to point to evidence supporting the finding of an employment relationship, such as the provision of office space and supplies by Cragin. But plaintiffs mistake the significance of this contrary evidence in light of the arbitrary and capricious standard. The Committee's decision shall not be overturned, absent special circumstances such as fraud or bad faith, if it is possible to offer a reasoned explanation, based on the evidence, for the decision. The evidence cited above supplies a "reasoned explanation" for the Committee's decision. Plaintiffs can point to no fraud or bad faith; they simply highlight additional facts that may have supported a finding of eligibility to participate in the ESOP. Because the Committee did not act arbitrarily or capriciously in reaching a contrary conclusion, however, we must affirm the district court's judgment in defendants' favor.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Plaintiffs also argue that the district court should have allowed them discovery in response to defendants' motion for summary judgment. Plaintiffs have previously conceded that the question of whether discovery should have been permitted turns on the standard of review applicable to the Committee's decision. See Transcript of Proceedings before the Honorable David H. Coar, August 2, 1995 at p. 8 (In Judge Plunkett's absence, Judge Coar heard the discovery motion.). Because we have determined that an arbitrary and capricious test applies, plaintiffs' request for discovery was properly denied. The only relevant materials at the time the district court ruled on summary judgment were the materials that were before the Committee when it reached its decision
 
 
 [2]
 The Committee relied largely on the finding of the Cragin Committee on this issue because plaintiffs confined their argument to the Committee to the second issue--whether plaintiffs were Employees. The Cragin Committee reasonably found that plaintiffs were self-employed by themselves, and not by an "Employer" as that term is defined in the plan. Although at first glance it may seem nonsensical for self-employed persons to be employed by someone other than themselves, the plan's use of defined terms makes it possible for a person such as a member of the board of directors to be "self-employed" by Cragin and thus eligible for participation in the plan