Albert BREAN, Plaintiff,

v.

BOARD OF TRUSTEES FOR THE CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, in its capacity as Plan Administrator, Defendants.

No. 98 C 0743.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 20, 1998.

Barry Alan Schultz, Schultz & Winick, PC, Evanston, IL, for Plaintiff.

Collins Parkin Whitfield, Terrance Bryan McGann, Daniel Paul McAnally, Frank A. Marco, Mary Elizabeth Halloran, Ayanna Cori Walters, Travis J. Ketterman, Whitfield & Gregorio, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

### INTRODUCTION

This case involves the reading of certain written terms of the Chicago District Council of Carpenters Pension Fund Plan ("the Plan"). At issue before the court is Plaintiff's Motion for Summary Judgment and Defendant's Cross–Motion for Summary Judgment. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is denied and Defendants' Motion for Summary Judgment is granted.

### FACTUAL AND CASE BACKGROUND

Plaintiff Albert Brean is a participant in the Chicago District Council of Carpenters Pension Fund. Plaintiff applied for his pension with the Pension Fund on April 13, 1995. (Def.12(m) ¶ 1.)

Plaintiff began working as a carpenter in the Chicagoland area in 1956 and last worked in 1995. (Pl.12(m) ¶ 1; Def. 12(m) ¶ 5.) Over the years, Plaintiff earned certain service credits as a member of the Council. (Pl.12(m) ¶ 2; Def. 12(m) ¶¶ 6, 7, 9.) Plaintiff became a vested participant in the Plan in 1973. (Pl.12(m) ¶ 4.)

The Defendant found that the Plaintiff was entitled to a pension at the benefit accrual rate of $16.00 per month per credit from 1956 to 1977, because the Defendant determined that under the Plan terms Plaintiff incurred a three-year break in service for

pension benefit computations for the years 1977 through 1982. (Pl.12(m) ¶¶ 6, 7; Def. 12(m) ¶ 13.) During this period of time, Plaintiff worked as a carpenter outside the geographical limits of the Defendant Council's jurisdiction because he was unable to find work in the Chicagoland area.

The Plaintiff maintains that under the Plan terms the Defendant wrongfully determined that Plaintiff had incurred a three year break in service. Accordingly, Plaintiff alleges, he is entitled to a pension benefit rate of $47.00 per month per credit for the years 1956 to 1977.[1]

## DISCUSSION

### I. Standard of Review

By the conclusion of the briefs herein, the parties agreed, at least implicitly, that the arbitrary and capricious standard of review applies to the decision in question.

■ Specifically: in a denial of benefits case, an arbitrary and capricious standard of review applies where the Fund has discretion to determine the eligibility for benefits or to construe the terms of the Plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); *see also Hartenbower v. Electrical Specialties Co. Health Benefit Plan*, 977 F.Supp. 875, 881 (N.D.Ill.1997).

Here, the Defendant has such discretion, as above referred to, as the Trust Agreement which created the Defendant Council Fund provides that the Defendant, through its Plan Trustees, has the sole power and duty to construe the provisions of the pension plan and the construction adopted by the Defendant in good faith shall be binding. (Def.12(m) ¶¶ 18, 19.)

■ In any event, it also bears noting, as will be seen, that, under either potentially applicable standard of review, whether *de novo* or arbitrary and capricious, the interpretation of an unambiguous contract is a question of law for the court. *Ryan v. Chromalloy American Corp.*, 877 F.2d 598, 602

(7th Cir.1989). "[T]he trial judge initially makes the determination of whether the contract is unambiguous or unambiguous as a matter of law." *Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1389 (7th Cir.1993); *citing Ryan, supra*. A contract is ambiguous if susceptible to only one reasonable interpretation; *Independent Construction Equipment Builders Union v. Hyster Yale Materials Handling, Inc.*, 83 F.3d 930, 933 (7th Cir.. 1996); *citing Illinois Conference of Teamsters and Employers Welfare Fund v. Mrowicki*, 44 F.3d 451, 459 (7th Cir.1994); and courts must give effect to the words which "denote the bargain" in light of their plain meaning. *Pitcher v. Principal Mutual Life Ins. Co.*, 93 F.3d 407, 411 (7th Cir.1996); *citing Bullwinkel v. New England Mutual Life Ins. Co.*, 18 F.3d 429, 431 (7th Cir.1994). If unambiguous, there is no room for interpretation. "The court must look to the plain meaning of the plan and determine whether the terms in question are clear; if the language is unambiguous, the inquiry need go no further." *Trombetta v. Cragin Federal Bank for Savings Employee Stock Ownership Plan*, 102 F.3d 1435, 1437–38 (7th Cir. 1996).

### II. The Decision Below

In essence, the Defendant found under Article VII of the Fund Plan that the Plaintiff incurred a three year break in service for pension benefit computations for the years 1977 through 1982. (Def.12(m) ¶ 19.) Accordingly, the Plaintiff was granted $16.00 per month per credit benefit rate for the years 1956 to 1977, instead of the $47.00 per month per credit benefit rate which he sought for that period.

### III. Analysis

■ Plaintiff asserts that the Fund Plan interpretation employed by Defendant below was arbitrary, internally inconsistent, unreasonable and renders Plan language meaningless.

---

1. It is not in dispute between the parties that the Plaintiff is entitled to pension benefits of $47.00

per month per credit for the years 1983 to 1995.

The facts are that Plaintiff worked as a carpenter in the Chicago area from 1956 through 1977. (Def.12(m) ¶ 5.) From 1978 through 1982, Plaintiff worked as a carpenter in the Rockford area, in Michigan, and in Florida. (Def.12(m) ¶ 7.) The Rockford area, Michigan and Florida are not within the geographical area and jurisdiction of the Chicago District Council of Carpenters Pension Fund. (Def.12(m) ¶ 8.) Plaintiff, therefore, earned no pension credit with the Chicago District Council of Carpenters Pension Fund for each of the following years: 1978, 1979, 1980, 1981, and 1982. (Def.12(m) ¶ 9.)

In determining the appropriate benefit accrual rate to use in the calculation of Mr. Brean's pension benefit, the Defendant applied Sections 7.3(a) and 7.3(b)(1)(2), entitled Benefit Accrual Rate Rules[2]. (*See* Def.Ex. F, p. 63.) Pivotal Section 7.3(a) provides:

> **(7.3) Benefit Accrual Rate Rules.** For the purpose of determining the applicable Benefit Accrual Rate to use in the calculation of pension benefits, the following rules shall apply:
>
> (a) The Benefit Accrual Rate applicable to the Years of Pension Credit of a Participant eligible for a Regular, Unreduced Early, Early Retirement, Partial, Limited, Pro–Rata, or Disability Pension shall be the Benefit Accrual Rate in effect on the Pension Commencement Date of such Participant provided such Participant has not incurred a "Three–Year Break in Service" at any time since he initially earned a Pension Credit. For the purposes of this Article a "Three–Year Break in Service" shall mean three consecutive Temporary Breaks in Service or a Three–Year Break in Service under the Prior Plan which did not cause a loss of Service Credit because the Employee was Vested. Although Employment as described in Sections 5.6 and 5.7 will not be deemed a Break in Service which causes a Temporary

or Permanent Break in Service, *if an Employee fails to earn any Pension Credit during three consecutive Computation Periods because he is employed as described in Sections 5.6 or 5.7, he will be deemed to have incurred a Three–Year Break in Service for the purposes of computing benefits.* (emphasis added)

One of the Section 7.3(a) prohibited three year employments "as described in Section ... 5.7" is continuous employment as a carpenter "outside of" the "geographical area" of the jurisdiction of the Council. As seen, it is undisputed that from 1977 to 1982 Plaintiff was continuously employed as a carpenter outside the geographical area of the Defendant Council's jurisdiction. Ergo, under the plain, express terms and meaning of the Fund Plan (Section 7.3(a)), the Defendant's decision challenged herein appears correct; i.e. Defendant properly calculated Plaintiff's pension benefit according to the appropriate "Benefit Accrual Rate Rules" of Section 7.3 of the Plan.

The court has closely studied the Plaintiff's arguments (and the Plan), particularly Plaintiff's reply arguments. The court is not unsympathetic to Plaintiff's underlying lament that the Board's decision under the Plan's terms appears inequitable and that the Plan's terms are not completely logical or consistent in its treatment of different Plan participants. Unfortunately, these are not the issues before the court. The reading of the Plan's actual written terms is what is before the court. And the Board's decision, as seen, appears to be precisely what the Plan's written terms expressly call for. Governing Section 7.3(a) of the Plan terms appears explicit, clear and unambiguous in the Defendant's favor.[3] In any event, certainly, the plain language of the Plan demonstrates that Defendant's determination in its reading and application of the Plan terms as to Plaintiff's benefit accrual rate was not arbitrary and capricious.[4] Rather, the court perceives, as

---

**2.** If Defendant correctly invoked Section 7.3(a), it is undisputed (and indisputable) that Defendant's calculation of the $16.00 benefit rate for the period in issue is correct.

**3.** The court also finds upon review that Plaintiff's argument(s) that the Defendant's determination renders Plan language meaningless is not correct.

**4.** The court finds, too, that the Defendant's deter-

shown, that the Defendant read and applied the pertinent provisions of the subject Plan, as written, in a reasonable not unreasonable manner.[5]

## CONCLUSION

In view of the foregoing, Plaintiff's Motion for Summary Judgment is denied. Defendant's Motion for Summary Judgment is granted and the cause is dismissed with prejudice.

mination was not an abuse of discretion under the Eighth Circuit five criteria test, even *arguendo* if the Eighth Circuit's criteria test, cited by Plaintiff, is deemed applicable in this Circuit. *See Lutheran Medical Center of Omaha, Neb. v. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan,* 25 F.3d 616 (8th Cir. 1994).

5. Parenthetically, the Defendant has for many years consistently and uniformly read and applied the Plan terms in the manner it read and applied the Plan terms in this case. (*See* O'Grady Aff. ¶ 7.)