**Jessie D. BARNICK, Plaintiff–Appellant,**

v.

**WORLD COLOR PRESS, INC. Long Term Disability Income Protection Plan and Liberty Life Assurance Company of Boston, Defendants–Appellees.**

No. 03–3044.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 20, 2004.*

Decided Feb. 24, 2004.

Jessie D. Barnick, pro se, Louisville, IL, for plaintiff-appellant.

William A. Chittenden, III, Chittenden, Murday & Novotny, Robert E. Arroyo, Jackson Lewis, Chicago, IL, for defendant-appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

ORDER

Jessie Barnick brought this action under § 1132(a)(1)(B) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.,* against the World Color Press, Inc. Long–Term Disability Income Protection Plan and Liberty Life

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Assurance Company of Boston, seeking a declaratory judgment that she was entitled to long-term disability benefits. The district court granted summary judgment to World Color and Liberty. We affirm.

Barnick was a bindery worker at World Color Press, Inc., and a covered employee under the Plan, which is administered by Liberty and governed by ERISA. Barnick injured her neck, back, shoulder and knee in a car accident in 1999 and applied for disability benefits. Liberty granted Barnick benefits for a 24–month period because she could no longer perform her duties as a bindery worker and thus met the Plan's initial definition of "disabled." Around the same time, Barnick also applied for and received disability benefits from the Social Security Administration. She signed a medical release form that would allow Liberty to obtain her SSA records; Liberty, however, never requested any of them. In 2001 Liberty informed Barnick that the Plan's definition of "disabled" would change after her initial eligibility period, and that in order to be entitled to long-term benefits beyond 24 months the Plan required her to demonstrate that she was disabled not only from her former occupation as a bindery worker, but also from "any other occupation." Liberty then conducted its own investigation into Barnick's claim by obtaining an independent medical opinion, as well as a vocational evaluation that concluded that she could work as a hotel desk, information, counter or rental clerk, or a cashier despite her injuries. Based on these evaluations, Liberty determined that Barnick no longer met the Plan's definition of "disabled" and terminated her benefits.

Barnick administratively appealed Liberty's denial of her claim. She submitted additional materials to support her claim including a one-page letter from the SSA showing that it had granted her disability claim. Liberty conducted another review of Barnick's claim, but concluded that her additional information did not call into question its earlier determination and upheld its decision to terminate her benefits.

Barnick then sued World Color and Liberty for a declaratory judgment seeking entitlement to long-term benefits, arguing in part that Liberty had a duty to obtain her SSA records and consider them as part of her claim. The district court held that Liberty did not have a duty to access her SSA records, and in any event, the SSA's disability finding was not even binding on Liberty. After addressing this argument and others that Barnick raised, the court concluded that Liberty's decision to deny benefits was not arbitrary and capricious. Thus the court granted summary judgment to World Color and Liberty.

Because the Plan grants Liberty "sole discretion ... to determine benefit eligibility," we review Liberty's denial of benefits under the arbitrary and capricious standard. *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir.2000). We will not set aside Liberty's decision as long as it is based on a "reasonable interpretation of the relevant plan documents." *O'Reilly v. Hartford Life & Accident Ins. Co.*, 272 F.3d 955, 960 (7th Cir.2001).

On appeal Barnick argues that because she supplemented her application for long-term benefits with documentation of her SSA claim–at Liberty's request–Liberty should have considered the SSA's disability finding as part of its disability determination. The Plan does require claimants to submit a copy of their application for Social Security disability benefits, but this is only so Liberty can reduce its monthly disability payments in accordance with any benefits received from the SSA. The Plan, however, does not require Liberty to consider the SSA's finding of disability in making its own disability determination.

Thus Liberty's decision not to obtain her complete SSA records or consider the SSA's disability finding was based on a reasonable interpretation of the Plan documents, and its denial of benefits was not arbitrary and capricious. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S.Ct. 1965, 1972, 155 L.Ed.2d 1034 (2003) (distinguishing disability determinations by the SSA because they are measured against a "uniform set of federal criteria," from ERISA disability determinations that turn on "interpretation of terms in the plan at issue"); *Coker v. Met. Life Ins. Co.*, 281 F.3d 793, 798 (8th Cir. 2002) (SSA determination of disability did not require plan administrator to reach the same conclusion); *see also Anderson v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local No. 12 Pension & Welfare Plans*, 991 F.2d 356, 358–59 (7th Cir. 1993) (failure to consider SSA disability finding was not unreasonable even though plan administrator had never disagreed previously with SSA findings); *but cf. Reich v. Ladish Co. Inc.*, 306 F.3d 519, 524–25 (7th Cir.2002) (SSA determinations are relevant where an ERISA plan specifically included SSA disability as a condition for plan disability).

Finally, Barnick has waived a number of other arguments on appeal that she did not raise in the district court (that the independent medical evaluation Liberty relied on in refusing her claim was inaccurate and based on incorrect or incomplete information; that the results of the vocational evaluation were inaccurate; and that the conclusions of Liberty's field investigator were based on false information). *See Ameritech Info. Sys., Inc. v. Bar Code Res.*, 331 F.3d 571, 574 (7th Cir.2003).

Thus the decision of the district court is AFFIRMED.