# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-4126

ELVIRA SISTO,

*Plaintiff-Appellant*,

*v.*

AMERITECH SICKNESS AND ACCIDENT
DISABILITY BENEFIT PLAN,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 8262—**William T. Hart**, *Judge.*

ARGUED OCTOBER 28, 2005—DECIDED NOVEMBER 21, 2005

Before EASTERBROOK, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge.* Ameritech Corporation employed Elvira Sisto as a customer service representative. While working at Ameritech, Sisto participated in the Ameritech Sickness and Accident Disability Benefit Plan ("the plan"). After slipping and falling in an Ameritech restroom, Sisto sought benefits under the plan. The plan awarded Sisto sickness benefits but denied accident benefits. Sisto sued. The district court granted the plan summary judgment. Sisto appeals. We affirm.

**I.**

As an Ameritech customer service representative, Elvira Sisto fielded telephone calls from customers while sitting at a computer terminal. On October 27, 1999, she arrived at work shortly before her shift, flipped on her computer, and, as was her normal practice, went to the restroom while her computer was booting up. In the restroom, she slipped and fell. Her resulting injuries caused her to miss work for a period. She returned in January 2000 and worked through July 2000. However, she stopped working in August 2000 due to the continued pain from her fall.

Sisto then sought disability benefits from the Ameritech Sickness and Accident Disability Benefit Plan. The plan administers two types of benefits. Sickness benefits cover disabilities that are caused by illnesses or injuries unrelated to work. Such benefits are limited to a maximum of fifty-two weeks. Accident benefits, by contrast, are for disabling illnesses or injuries that result from a work-related accident and can last as long as the disability lasts. The plan (through a trained agent, Una Prezell, R.N.) awarded Sisto full sickness benefits. However, finding that her accident did not occur during the course of her employment, the plan determined that she was ineligible for accident benefits and thereby denied that portion of her claim.[1]

Dissatisfied, Sisto filed a state court action, which was removed to federal court based upon a federal question, i.e., a denial of benefits claim under the Employee Retirement Income Security Act. Ultimately, the district court granted the plan's motion for summary judgment, concluding that

---

[1] Sisto also received worker's compensation for the slip and fall in Ameritech's restroom.

the denial of accident benefits could not be reversed under the governing arbitrary-and-capricious standard. Sisto appeals.

## II.

The sole issue on appeal is Sisto's challenge to the denial of accident benefits. *See* 29 U.S.C. § 1132(a)(1)(B). Sisto contends that the district court erred in upholding the denial. Our review of the district court's summary judgment decision is de novo. *See Tegtmeier v. Midwest Operating Eng'rs Pension Trust Fund*, 390 F.3d 1040, 1045 (7th Cir. 2004). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

When, as here, the terms of an employee benefit plan clearly give the plan administrator broad discretion to interpret the plan and determine benefit eligibility, our review of the administrator's denial is limited to the arbitrary-and-capricious standard. *See Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 637 (7th Cir. 2005); *Tegtmeier*, 390 F.3d at 1045. Sisto concedes that this highly deferential standard applies. Under this standard, we will uphold the plan's decision "as long as (1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem." *Houston v. Provident Life & Accident Ins. Co.*, 390

F.3d 990, 995 (7th Cir. 2004) (quoting *Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 461 (7th Cir. 2001)); *see also Tegtmeier*, 390 F.3d at 1045 ("[T]he administrator's decision will only be overturned if it is 'downright unreasonable.' " (quoting *Carr v. Gates Health Care Plan*, 195 F.3d 292, 295 (7th Cir. 1999))).

As indicated above, eligibility for accident benefits turns on whether the accident that caused the disabling injury occurred in the course of employment. The pivotal plan provision on this question is § 4.5. This section, in pertinent part, states: "Accidental injuries shall be considered as arising out of, and in the course of employment, *only where the injury has resulted solely from an accident during and in direct connection with the performance of duties* to which the Eligible Employee is assigned by the Company or a Participating Company or which he or she is directed to perform by proper Company or Participating Company authority or if voluntarily protecting the Company's or Participating Company's property or interests." Plan § 4.5 (emphasis added).

The plan determined that slipping and falling in the restroom was not an accident that occurred "during and in direct connection with" Sisto's performance of her employment duties. Ameritech customer service representatives sit at desks, work on computers, and answer telephone calls for extended periods. Under the plan's view, using the restroom does not come within the scope of those assigned employment duties. According to the plan, Sisto was not performing any duty on behalf of Ameritech when she was in the restroom.[2] Consequently, the plan con

---

[2] The plan places no importance on the fact that Sisto's rest-

(continued...)

cluded that Sisto's accident fell outside § 4.5's "during and in direct connection with" threshold and thus denied Sisto accident benefits.

The plan's explanation is reasonable. The plan interpreted § 4.5 narrowly, defining employment duties to only cover an employee's actual tasks performed for the direct benefit of the employer (e.g., answering the telephone) and not collateral matters such as attending to personal needs in the restroom. Given the limiting language—"during and in direct connection with"—the plan's strict approach is, at the very minimum, a "rational" application of § 4.5 to the facts in this record. *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004). Restated, there is nothing irrational about defining employment duties as the literal duties of employment for which the employee was hired and paid to perform. As a result, the plan's actions here were neither arbitrary nor capricious. *Cf. Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 823, 838 (1st Cir. 1997) (confronting identical accident plan language and reaching the same conclusion when the injury occurred during a coffee break away from the employee's workstation).

Sisto argues for a broader application of § 4.5, putting forth reasons why using the restroom at work is an indivisible part of performing one's employment duties. For instance, Sisto points out that use of the restroom enables one to perform job tasks at a desk for hours at a time. Be that as it may, Sisto is simply raising points of disagreement with the plan's decision to interpret § 4.5 narrowly. Raising

---

(…continued)

room accident occurred shortly before her shift began. According to the plan, its decision in this matter would be the same if the same accident had occurred during Sisto's shift.

debatable points does not entitle Sisto to a reversal under the arbitrary-and-capricious standard. Under this standard, "questions of judgment are left to the [plan] administrator," *Trombetta v. Cragin Fed. Bank for Sav. Employee Stock Ownership Plan*, 102 F.3d 1435, 1438 (7th Cir. 1996), and "[i]t is not our function to decide whether we would reach the same conclusion" as the administrator, *Tegtmeier*, 390 F.3d at 1045 (quoting *Carr*, 195 F.3d at 294). Since the application of the plan's text and the resulting denial of accident benefits are reasonable, we will not overturn that denial. *See Tegtmeier*, 390 F.3d at 1045; *Houston*, 390 F.3d at 995.

## III.

Due to her disabling injuries, the plan awarded Sisto full sickness benefits. Nonetheless, the plan denied Sisto accident benefits because it determined that her slip and fall in the restroom was not an accident "during and in direct connection with" her employment duties as a customer service representative. Drawing a line between tasks performed for the direct benefit of the employer and actions taken for the direct benefit of the employee is a reasonable way to interpret, apply, and administer this plan. Accordingly, under the arbitrary-and-capricious standard, we will not disturb the plan's denial of accident benefits. The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*