UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 18, 2005
Decided November 21, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

R.L. HUTCHINS,
    *Plaintiff-Appellant*,

**No.** 04-4233      **v.**

A.O. SMITH RETIREMENT PLAN and CTC
ILLINOIS TRUST COMPANY,
    *Defendants-Appellees*.

Appeal from the United
States District Court
for the Eastern
District of Wisconsin.

No. 99 C 511
J.P. Stadtmueller,
*Judge*.

**Order**

Plaintiff applied for disability benefits from his ex-employer's plan, which turned him down. His own treating physician had informed the plan that he is not completely disabled. Discovery that this physician's ability to practice in Wisconsin had been suspended led us to remand for further proceedings. No. 00-4039 (7th Cir. June 4, 2002) (unpublished order). The plan then obtained the views of an independent consulting specialist, who concluded that, although plaintiff suffers from a 30% reduction in his abilities, he remains capable of gainful employment. The parties agreed that judicial review is deferential, and the district court held the plan's decision neither arbitrary nor capricious.

On appeal, plaintiff slights the medical evidence that the plan considered. Instead he maintains that, because the Social Security system has awarded him disability benefits, the private plan must do the same. Yet the terms of the plan and those of the Social Security system differ, making it difficult to draw inferences from the grant (or denial) of federal disability benefits. See *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999). We have held that the Social Security Administration's decisions, one way or the other, do not bind private plans and insurers. See *Anderson v. Operative Plasters' Pension and Welfare Plan*, 991 F.3d 356, 358 (7th Cir. 1993). Plaintiff did not furnish the plan with the evidence presented to federal officials or the reasoning that underlies the grant of Social Security disability benefits. His appellate brief suggests that the plan should have learned these things on its own, but the burden was on him, as the person requesting benefits. Given federal privacy rules, it is hard to understand how the plan *could* obtain this information independently.

The plan's decision, on the evidence that plaintiff submitted (as augmented by the consultant's evaluation), is supported by the record and cannot be disturbed on deferential review. The judgment of the district court is affirmed.