**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANNE NAVEY CLARK, Executrix of
the Estate of Andrew J. Clark, Jr.,
deceased,
<u>Plaintiff-Appellant,</u>

v.

E. I. DUPONT DE NEMOURS AND
COMPANY, INCORPORATED, as Plan
Administrator; E. I. DUPONT NON-
CONTRIBUTORY GROUP LIFE
INSURANCE PLAN - PLAN #501; E. I.
DUPONT CONTRIBUTORY LIFE
INSURANCE PLAN - PLAN #501; E. I.

No. 95-2845

DUPONT DE NEMOURS & COMPANY,
INCORPORATED PENSION &
RETIREMENT PLAN (PLAN NO. 001);
E. I. DUPONT SEVERANCE PLAN -
PLAN #506; E. I. DUPONT MEDICAL
AND DENTAL BENEFIT PLAN - PLAN
#503AND PLAN #507; E. I. DUPONT
SAVINGS AND INVESTMENT PLAN -
PLAN #002; E. I. DUPONT VACATION
PAY PLAN; E. I. DUPONT HOLIDAY
PAY PLAN,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CA-94-51-D)

Argued: December 6, 1996

Decided: January 9, 1997

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Bertram Mann, LEVIT & MANN, Richmond, Virginia, for Appellant. James Patrick McElligott, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellees. **ON BRIEF:** Cynthia E. Hudson, Deanna L. Ruddock, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This action involves two separate claims by Andrew Clark, Jr. (Clark) against E.I. DuPont de Nemours & Company (DuPont). Clark's first claim was for benefits pursuant to various DuPont health, welfare, pension, and retirement plans (Plan or Plans) established pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (1996). The second claim was for non-disclosure statutory damages due to DuPont's refusal to provide Clark with requested Plan documents. See 29 U.S.C.§ 1024(b)(4). DuPont moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The district court granted the motion, and Clark timely appealed. Sadly, Clark died after filing his notice of appeal. His executrix, Anne Navey Clark, was substituted in his stead on February 9,

2

1996. For the reasons stated herein, we dismiss Clark's claim for benefits under the Plans for lack of subject matter jurisdiction and affirm the district court's grant of summary judgment in favor of DuPont on Clark's claim for non-disclosure statutory damages.

I.

Clark was employed directly by DuPont from 1962 until 1970 as a structural steel detailer in the construction division of DuPont's plant in Martinsville, Virginia. DuPont terminated Clark in 1970 following the elimination of its construction division. Since that time, DuPont has supplemented a minimal construction staff with leased employees.

Following his termination in 1970, Carlton Construction Company employed Clark from 1973 to 1975. Carlton Construction Company performed occasional contract work at DuPont's Martinsville plant. After leaving Carlton, Clark worked a few months for Engineers in Industry, which also performed contract work for DuPont. In the summer of 1975, Clark was hired by Belcan Engineering Group, Inc. (Belcan), a national employee leasing firm which had an extensive employee leasing arrangement with DuPont at DuPont's Martinsville plant.

It is undisputed that Clark was a Belcan employee, and he understood that he was not on DuPont's payroll. In fact, after 1970, Clark made inquiries to DuPont about returning to its employ. DuPont informed him that it would not rehire him. Clark, as a Belcan employee, submitted time sheets to Belcan. Those sheets merely listed DuPont as the client for which services were performed. Moreover, the leasing agreement between Belcan and DuPont stated that the leased workers were to be considered ". . . employees of [Belcan], and that none . . . shall be regarded as employees of [DuPont] in any instance." (J.A. 674). Clark participated in Belcan's own health benefits program, and DuPont never made a contribution to any benefit plan for Clark. In 1993, DuPont terminated its contract with Belcan at its Martinsville plant. For his part, Clark did not wish to leave the Martinsville area, so he ceased his employment with Belcan. Clark then applied for unemployment benefits, listing Belcan as his former employer. Subsequently, Clark applied for coverage under the Plans,

3

asserting that he remained a DuPont employee after 1970 while he was nominally working for various contracting organizations, most especially, Belcan.[1] DuPont, through the administrator of its Plans (Plan Administrator), denied Clark benefits on the ground that he had not been a DuPont employee since 1970 and he was not eligible for benefits under the plain language of the Plans themselves.

Clark later requested copies of the Plan documents. DuPont refused to provide the requested documents, and Clark commenced this action in the United States District Court for the Western District of Virginia. The district court granted DuPont's motion for summary judgment on September 26, 1995, and Clark timely appealed.

II.

Summary judgment is appropriate when there is no genuine issue of material fact to be decided by the trier of fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, 115 S. Ct. 67 (1994); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Any disputed fact or disagreement in the evidence must be construed in the light most favorable to the non-movant. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). We review a district court's grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

III.

An action for benefits under a plan established pursuant to ERISA may only be brought by a "participant" in or a"beneficiary" of an ERISA plan. 29 U.S.C. § 1132(a)(1). ERISA defines "participant" as "any employee or former employee of an employer .. . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). Therefore, an individual is a "participant" in an ERISA plan if: (1) he is a common law employee of the employer maintaining the plan, Nationwide Mut. Ins. Co. v.

---

[1] Clark did not claim in his complaint that he was entitled to benefits due to his employment with DuPont from 1962 to 1970.

4

Darden, 503 U.S. 318, 323-24 (1992); see Community for Creative Non-Violence v. Reid, 490 U.S. 730, 739-40, 751-52 (1989), and (2) he is, according to the language of the plan itself, eligible to receive a benefit under the plan. An individual who fails on either prong lacks standing to bring a claim for benefits under a plan established pursuant to ERISA, and we, as a reviewing court, must dismiss the appeal for lack of subject matter jurisdiction. See Stanton v. Gulf Oil Corp., 792 F.2d 432, 434-35 (4th Cir. 1986).

When a plan administrator grants or denies benefits under a plan established pursuant to ERISA, we conduct a three-part inquiry. First, we review "de novo whether the plan's language prescribes the benefit or whether it confers discretion on the [plan] administrator to determine the benefit." Haley v. Paul Revere Life Ins. Co., 77 F.3d 84, 89 (4th Cir. 1996). Second, if the plan does indeed confer discretion, we review de novo whether the plan administrator acted within the scope of that discretion. Id. Finally, if the plan administrator acted within the scope of his "contractually conferred discretion," we "review the merits" of the plan administrator's decision for an abuse of discretion. Id.

For purposes of deciding DuPont's motion for summary judgment, the district court assumed that Clark was a common law employee of DuPont. Thus, it only analyzed whether Clark was, according to the language of the Plans, eligible to receive a benefit under the Plans. The district court then determined that the Plan Administrator did not abuse his discretion when he determined that Clark was not eligible to receive a benefit under the Plans. We agree.

We have reviewed the language of the Plans de novo and find that the Plans unmistakably confer discretionary authority upon the Plan Administrator to make benefits determinations. We also find that when the Plan Administrator denied Clark benefits he acted within the scope of that authority. Clark essentially concedes both points. Accordingly, we review the Plan Administrator's decision to deny Clark benefits for abuse of discretion. Id.

The Plans may be divided into two groups. The first group consists of a contributory group life insurance plan, a noncontributory group life insurance plan, a career transition financial assistance plan, a

5

medical and dental assistance plan, and a vacation and holiday benefits policy plan. Persons entitled to participate in those plans are defined in each plan as ". . . any person designated by the Company as a full time employee. Any full service employee on the roll [as of] 12/1/85 who continues to work at least 20 hours per week on a regular basis will be considered a Full Service Employee." (J.A. 717).

The second group consists of a tax reform stock ownership plan and a savings and investment plan. For the limited purpose of obtaining favorable tax treatment under the Internal Revenue Code (I.R.C.), DuPont counts all employees, both payroll and leased, as part of the covered employees for those plans. See 26 U.S.C. § 414 (1996); see also West v. Clarke Murphy, Jr. Self Employed Pension Plan, 99 F.3d 166, 169 (4th Cir. 1996).[2] However, those plans expressly exclude individuals "who must be treated as employees of the Company for limited purposes under the `leased employee' provisions of Section 414(n) of the [I.R.C.]" from the receipt of benefits. (J.A. 602, 614, 638-39).

The Plan Administrator has always limited eligibility for participation in any of the Plans by defining "on the roll" to exclude contract and leased employees. Clark himself admitted that"if you're not on the DuPont roll, you don't get those benefits." (J.A. 447). Clark was not on the DuPont payroll when he commenced his lawsuit. Indeed, he had not been on DuPont's payroll since his termination in 1970. Thus, with respect to the first group of plans, Clark was not eligible to reap any benefits because he was not a full time DuPont employee and had not been on DuPont's payroll since 1970. With regard to the second group of plans, Clark was not eligible to become a participant while working for a contracting firm because he was a leased employee and all leased employees were specifically excluded from participation in that group of plans. In sum, the Plan Administrator

_____

[2] Several sections of the I.R.C., including § 414, deal with minimum participation requirements, vesting, and funding standards that must be satisfied in order for an employee pension benefit plan to receive favorable tax treatment by the IRS. Thus, solely for tax purposes, § 414 expands the scope of the term "employee" to include affiliated service groups, such as leased employees.

6

did not abuse his discretion when he denied Clark benefits under the Plans.

For his part, Clark asserts that, pursuant to ERISA, his participation in at least the second group of plans was mandated. Specifically, he maintains that it was a per se abuse of the Plan Administrator's discretion to exclude contract workers from participation in the second group of plans when those same workers were accorded employee status in order to secure beneficial tax treatment for DuPont. Viewed in this context, Clark's claim is not so much that he is eligible to receive a benefit under the language of the second group of plans, but that he should be eligible according to ERISA. However, ERISA actually mandates the opposite conclusion.

ERISA allows an employer to limit plan coverage to certain employees, as long as said "discrimination" is not based on age or length of service. See 29 U.S.C. § 1052(a); see also Abraham v. Exxon Corp., 85 F.3d 1126, 1130 (5th Cir. 1996) (§ 1052(a) does nothing more than forbid employers from denying participation in an ERISA plan to an employee on the basis of age or length of service). ERISA simply does not require an employer to provide benefits to every individual in that company's employment. See Stanton, 792 F.2d at 434-35 (mere fact of employment does not entitle employee to participation in a plan established pursuant to ERISA). Nor does the I.R.C. definition of "employee" add any gloss to the ERISA definition of an "employee" or a "participant" in a benefit plan established pursuant to ERISA. West, 99 F.3d at 169 ("Employee status under ERISA is determined not by the tax code but by the common law of agency."). In short, this court is not in a position to rewrite the Plans at issue here to include additional employees. See Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 56-57 (4th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (participant and beneficiary status defined only by the terms of the ERISA plan at issue). Accordingly, Clark's case must be dismissed. See Stanton, 792 F.2d at 434-35.

IV.

We are left with Clark's claim for non-disclosure statutory damages.

7

Although Clark does not have standing to bring a claim against DuPont for benefits under the Plans, he may have a viable claim for non-disclosure statutory damages if he was erroneously denied Plan documents. ERISA requires that, upon written request of any participant, a plan's administrator shall furnish a copy of the latest updated summary plan description or other instruments under which the plan is established or operated. 29 U.S.C. § 1024(b)(4). A plan administrator who does not comply with a just request may, in the court's discretion, be liable for up to $100 per day from the date of such non-compliance. 29 U.S.C. § 1132(c)(1)(B). The Supreme Court has interpreted the disclosure provisions as covering, among others, all former employees with colorable claims that they will fulfill eligibility requirements in the future. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989); see also Davis v. Featherstone, 97 F.3d 734, 736-38 (4th Cir. 1996) (colorable claim is arguable and not frivolous, whether or not it would succeed on the merits). We review the district court's refusal to award non-disclosure statutory damages for an abuse of discretion. Glocker v. W.R. Grace & Co. , 974 F.2d 540, 544 (4th Cir. 1992).

We believe the district court did not abuse its discretion when it denied Clark non-disclosure statutory damages because Clark did not have a colorable claim for benefits under the Plans. Clark had knowledge that he had not been a DuPont employee since 1970. Furthermore, under no circumstances could Clark be considered a "participant" under the Plans.

V.

In summary, Clark was not a "participant" because he was not eligible to receive benefits under the plain language of the Plans. Accordingly, both he and his executrix lack standing to bring this action and we must dismiss that portion of his appeal for lack of subject matter jurisdiction. Further, the district court did not abuse its discretion when it denied Clark's non-disclosure statutory damages claim, and we affirm that denial.

AFFIRMED IN PART AND DISMISSED IN PART

8