PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1998**

**PATRICK FISHER**
**Clerk**

CLAY BRONK, MAURINE BURK, MARK DAMILINI, JACQUELINE ENRIQUEZ, CHUCK FLETCHER, NATALIE FRANZ, JOHN GIERKA, RANDOLPH GILMORE, MARK HAY, KIM JOHNSON, JOHN KENNEDY, JANE KNUTSON, CAROL MAJOR, SANDRA MARTINSKIS, ALFRED MULFORD, TERRY REYES, ROY R. SALINAS, LARRY SANCHEZ, LYNN SAXE, JOHN SAXE, LING SIGSTEDT, STEVEN STOLLMAN, DONNA SLY, LYDIA THOMAS, ROBERT TOANNON, FRANK VIGIL, CYNTHIA VOIGT, COLISSION WELLS, LYNN G. WULF, individually and as representatives of a Class,

Plaintiffs - Appellees,

v.

MOUNTAIN STATES TELEPHONE AND TELEGRAPH, INC., a Colorado corporation, dba U.S. West Communications; U.S. WEST, INC., a Colorado corporation; U.S. WEST, INC., EMPLOYEES BENEFITS COMMITTEE; U.S. WEST DEFINED CONTRIBUTIONS PLAN COMMITTEE; U.S. WEST

Nos. 97-1069
and 97-1078

COMMUNICATIONS BASE
BENEFITS COMMITTEE,

        Defendants - Appellants.

-----------------------------------------

ERISA INDUSTRY COMMITTEE;
NATIONAL ASSOCIATION OF
TEMPORARY AND STAFFING
SERVICES; CHAMBER OF
COMMERCE OF THE UNITED
STATES OF AMERICA,

        Amici Curiae.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 93-D-1961)**

Raymond W. Martin, Parcel, Mauro, Hultin & Spaanstra, P.C., Denver, Colorado (D. Ward Kallstrom, Lillick & Charles, LLP, San Francisco, California, and Colleen M. Rea, U.S. West, Inc., Denver, Colorado, with him on the briefs), for Appellants.

Lee Thomas Judd, Andrew T. Brake, P.C., Englewood, Colorado (Todd J. McNamara, Todd J. McNamara, P.C., Denver, Colorado, with him on the brief), for Appellees.

John M. Vine, Covington & Burling, Washington, D.C., filed an amicus curiae brief for the ERISA Industry Committee.

Kenneth B. Siegel, Sherman & Howard, L.L.C., Denver, Colorado, and C. Frederick Oliphant III and Alvaro Ignacio Anillo, Miller & Chevalier, Chartered,

Washington, D.C., filed an amicus curiae brief for National Association of Temporary and Staffing Services.

Robin S. Conrad, National Chamber Litigation Center, Inc., Washington, D.C., and Hollis T. Hurd, The Benefits Department, Pittsburgh, Pennsylvania, filed an amicus curiae brief for Chamber of Commerce of the United States of America.

_____

Before **SEYMOUR,** Chief Judge, **ANDERSON,** and **LUCERO**, Circuit Judges.

_____

**ANDERSON**, Circuit Judge.

_____

This is an interlocutory appeal from an order holding that the minimum participation, vesting and funding requirements of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA") mandate the inclusion in the defendants' pension plans of "leased" employees who meet the definition of common-law employees. The district court also held that such employees were properly excluded from the defendants' welfare plans. We reverse the district court's decision on the pension plans. We do not address the court's decision on the welfare plans as the matter is not properly before us.

## BACKGROUND

Plaintiffs, twenty-nine individuals who claim to represent a class of similarly situated individuals ("Workers"), performed services between approximately January 1984 and June 1991 for defendant Mountain States Telephone & Telegraph, Inc. ("MSTT"), d/b/a US WEST Communications, pursuant to leasing contracts between US WEST and various leasing companies.[1] The leasing contracts provided that the leasing company was the "employer" of the leased workers and that "[a]ll [w]orkers shall be considered solely the employees or agents of [the leasing company]." Defendants/Appellants' App. Vol. I at 208.[2] The Workers were not on US WEST's payroll nor in its official service records.

In December 1990, eleven of the Workers filed ERISA claims requesting the right to participate in pension and welfare plans maintained by US WEST.[3] The Workers claimed that they performed the "same or similar" functions as US

---

[1]Although plaintiffs purport to represent a class of "common law employees" who have provided services to US WEST through leasing companies, defendants assert that they have not agreed that class certification is appropriate, nor has a motion for class certification been filed, nor has a class been certified.

[2]Other leasing contracts contained similar language.

[3]The welfare plans sponsored by US WEST include the US WEST Health Care Plan, the US WEST Group Life Insurance Plan and the US WEST Sickness and Accident Disability Benefit Plan. The pension plans sponsored by US WEST include the US WEST Pension Plan, the US WEST Savings & Security Plan/ESOP, and the US WEST Payroll Stock Ownership Plan.

WEST employees and were therefor entitled to participate in the pension and welfare plans. Others filed comparable claims in June and July 1990. Defendant US WEST Communications Base Benefits Committee ("BBC") denied them benefits. They appealed that denial to defendant US WEST, Inc. Employee Benefit Committee ("EBC"). The EBC denied the appeals, concluding that the plans only covered "regular employees" and that the Workers were not "regular employees."

The district court reviewed the EBC's decision. Both sides filed motions for summary judgment. The district court characterized the issue before it as "whether the minimum participation standards of ERISA require US West to cover leased employees in its Plans if they meet the definition of a 'common law' employee." Bronk v. Mountain States Tel. & Tel., Inc., 943 F. Supp. 1317, 1322-23 (D. Colo. 1996). The court held that leased employees who meet the common law definition of employees are not entitled to participate in US WEST's welfare plans. It accordingly granted defendants' summary judgment motion and denied plaintiffs' summary judgment motion with respect to the welfare plans. With respect to the pension plans, the court held that, regardless of the language of such plans, the minimum participation, vesting and funding requirements of ERISA mandated the inclusion of the Workers, provided they met the common law definition of employees. Because it could not determine from the record

whether the Workers met that definition, the court ordered supplemental briefing and an evidentiary hearing on the issue. The district court then certified its decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This appeal followed.[4] Amicus briefs have been filed by the Chamber of Commerce of the United States of America, the National Association of Temporary and Staffing Services, and the ERISA Industry Committee, all in support of defendants.

## DISCUSSION

Section 202(a) of ERISA, 29 U.S.C. § 1052(a)(1)(A) and (4), provides as follows:

> (a)(1)(A) No pension plan may require, as a condition of participation in the plan, that an employee complete a period of service with the employer or employers maintaining the plan extending beyond the later of the following dates
>
> (i) the date on which the employee attains the age of 21; or
>
> (ii) the date on which he completes one year of service.

---

[4]The Workers have filed a motion seeking to cross-appeal the district court's denial of their claim to participation in US WEST's welfare plans. The motion was submitted to this panel for decision. Defendants initially did not oppose the Workers' request to file an interlocutory cross-appeal, but now argue we lack jurisdiction over the cross-appeal. The Workers purport to file their cross-appeal pursuant to Fed. R. App. P. 4(a)(3), which governs appeals as of right, not interlocutory appeals. This appeal, as an interlocutory appeal under 28 U.S.C. § 1292(b), is governed by Fed. R. App. P. 5, which does not contemplate cross-appeals, and we decline to assume jurisdiction over the Workers' cross-appeal.

. . . .

(4) A plan shall be treated as not meeting the requirements of paragraph (1) unless it provides that any employee who has satisfied the minimum age and service requirements specified in such paragraph, and who is otherwise entitled to participate in the plan, commences participation in the plan no later than the earlier of—

(A) the first day of the first plan year beginning after the date on which such employee satisfied such requirements, or

(B) the date 6 months after the date on which he satisfied such requirements.

29 U.S.C. § 1052(a)(1)(A) & (4) (emphasis added). The district court clearly held that those minimum participation standards required the inclusion in US WEST's pension plans of all leased employees who met the test for common law employees, regardless of whether or not the actual language of the plans would include such employees. We disagree with that interpretation of those ERISA provisions.

It is well established that ERISA does not prohibit an employer from distinguishing between groups or categories of employees, providing benefits for some but not for others. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91 (1983) ("ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits."); Abraham v. Exxon Corp., 85 F.3d 1126, 1130-31 (5th Cir. 1996); Averhart v. US WEST Management Pension Plan, 46 F.3d 1480, 1488 (10th Cir.

1994). It simply may not make such distinctions based upon age or length of service. Accordingly, an employer need not include in its pension plans all employees who meet the test of common law employees. See Hockett v. Sun Co., 109 F.3d 1515, 1525 (10th Cir. 1997) ("We are doubtful that the [plan] defines 'employee' in a manner identical to the common law . . . ."). While not decisive, the language of ERISA § 202(a) supports this conclusion. Section 202(a)(4) imposes a deadline by which a plan must admit an employee satisfying the minimum age and service requirements of § 202(a)(1)(A) and "who is otherwise entitled to participate in the plan." As US WEST and amici argue, the "otherwise entitled to participate" language would be superfluous unless Congress intended that plans could impose other participation requirements besides age or length of service.

In reaching its conclusion—that ERISA § 202(a) requires the inclusion of leased employees who are common law employees and satisfy § 202(a)'s minimum age and length of service requirements—the district court relied upon Renda v. Adam Meldrum & Anderson Co., 806 F. Supp. 1071 (W.D.N.Y. 1992) and Crouch v. Mo-Kan Iron Workers Welfare Fund, 740 F.2d 805 (10th Cir. 1984), and it rejected the reasoning of Abraham v. Exxon Corp., 85 F.3d 1126 (5th Cir. 1996). We find the reasoning of Abraham to be more persuasive than that of Renda, and we do not read Crouch as inconsistent with that reasoning.

-8-

The <u>Renda</u> court, and in turn the district court below, held that certain provisions of the Internal Revenue Code and Treasury Department regulations were effectively incorporated into ERISA's substantive requirements and compelled the result they reached. They relied on <u>Crouch</u> in so concluding: "[i]t is apparent from cases like <u>Crouch</u> that the[] [Treasury] regulations are not to be implemented only for the narrow purpose of determining tax qualification. They are useful for extracting subtler shades of meaning necessary to paint a more detailed portrait of an individual's substantive rights under ERISA." <u>Renda</u>, 806 F. Supp. at 1083. That overlooks the critical fact that the plans at issue in <u>Crouch</u> stated that they must comply with ERISA, the Internal Revenue Code and Treasury Department regulations governing tax-qualification.[5] Thus, construction of the plans in that case to comply with the Code and Treasury regulations, as well as ERISA, was compelled by the particular plans; it was not compelled by application of a broader principle that the Code and *all* Treasury regulations *must* inform and amplify the substantive requirements of ERISA. The court in <u>Abraham</u> made that precise point:

---

[5]At oral argument, the Workers' counsel argued that US WEST's pension plans contained similar language requiring the plans to comply with all Internal Revenue Code and Treasury regulations, as well as ERISA. US WEST's counsel vigorously denied that. The document in the record to which the Workers' counsel refers us as supporting his argument does not demonstrate that the plans here included any obligation, explicit or otherwise, to maintain tax-qualified status.

> We read the function of Treasury regulations more narrowly. The regulations purport to do no more than determine whether a plan is a qualified tax plan. Failure to meet the requirements of those regulations results in the loss of a beneficial tax status; it does not permit a court to rewrite the plan to include additional employees. The Treasury regulations do not create substantive rights under ERISA that would permit the relief [plaintiff] requests. It is true that ERISA does incorporate portions of the Internal Revenue Code and Treasury regulations, in some instances, but on those occasions it does so explicitly.

Abraham, 85 F.3d at 1131; see also Burditt v. Kerr-McGee Chem. Corp., 982 F. Supp. 404, 408 (N.D. Miss. 1997).

Accordingly, neither 26 U.S.C. § 410 nor § 414, nor the Treasury regulations promulgated under § 410(b), compel the interpretation of ERISA adopted by the district court. Indeed, they highlight the error in that interpretation. Section 410(b) requires a tax-qualified retirement plan to benefit a certain percentage of an employer's non-highly-compensated employees in relation to the percentage of highly-compensated employees who participate in the plan. For that purpose, employees who do not meet a plan's prescribed minimum age and service requirements are disregarded as employees under the section. 26 U.S.C. § 410(b)(4). That section would be pointless if, as the district court held in this case, *all* employees who satisfy ERISA's minimum participation

requirements and meet the definition of common law employees must be included within a plan.[6]  No employees could ever be excluded under that section.

Moreover, given our conclusion that the substantive participation requirements of ERISA § 202(a) are not implicitly modified by the Internal Revenue Code and Treasury regulations upon which the district court relied,[7] it is irrelevant that, for certain purposes, the Code treats leased employees as employees of the entity to whom the leased employee provides services.  See 26 U.S.C. § 414(n); 26 C.F.R. § 1.410(b)-9.  Even those Code provisions do not require ERISA plans to include leased employees; they merely require employers to take leased employees into account in showing that their plans meet the nondiscriminatory coverage requirements of the Code.  The IRS has said as much in a notice.  Q & A-14 of Notice 84-11 states:

---

[6]We also disagree with the district court's, and the Renda court's, assertion that Internal Revenue Service Code § 410(b), 26 U.S.C. § 410(b), is parallel to or an analog to ERISA § 202(a)(1)(A).  Section 202(a)(1)(A) of ERISA states the minimum age and service requirements for plan participation.  Its  parallel under the Code is section 410(a), 26 U.S.C. § 410(a).  Code § 410(b), concerning minimum coverage requirements under the Code, has no parallel provision in ERISA.   ERISA says nothing about discriminating in favor of highly-compensated employees.  Thus, the district court erred in deriving support for its view of the coverage requirements of ERISA from the coverage requirements of Code § 410(b).

[7]We recognize, as did the Fifth Circuit in Abraham, that ERISA does *explicitly* incorporate certain provisions of the Internal Revenue Code and Treasury regulations.  See 29 U.S.C. § 1202(c) (explicitly incorporating Treasury regulations promulgated under 26 U.S.C. §§ 410(a), 411 & 412).  We simply decline to consider multiple other regulations as implicitly incorporated as well.

Q-14. Must a leased employee participate in the plan maintained by the recipient [of leased employee services]?

A-14. No. Section 414(n)(1)(A) requires only that a leased employee be treated as an employee; it does not require that a leased employee be a participant in the recipient's qualified plan.

I.R.S. Notice 84-11, *available in* Westlaw, FTX-RELS.

Finally, ERISA makes no mention of "leased workers." Had Congress intended particular treatment for leased workers under ERISA, as it has done under the Code, it would have expressly so provided.

In sum, we agree with the Fifth Circuit in <u>Abraham</u> that, absent explicit indication by Congress, the tax-qualification provisions of the Code do not rewrite pension plans under ERISA § 202(a) to mandate inclusion of employees, leased or otherwise, whom the plans have permissibly excluded. We therefore REVERSE the judgment of the district court granting summary judgment to the Workers on their claims involving the pension plans, and we REMAND for further proceedings consistent herewith.