

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2003

# Bauer v. Summit Bancorp

Precedential or Non-Precedential: Precedential

Docket 01-3624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Bauer v. Summit Bancorp" (2003). *2003 Decisions.* Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  01-3624

_____

JOHN BAUER,

Appellant

v.

SUMMIT BANCORP

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 00-cv-03230)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Argued:  November 4, 2002

Before: BECKER, Chief Judge, McKEE and HILL
Circuit Judges.

(Filed: March 25, 2003)

ROBERT A. VORT (Argued)
Pearce, Vort & Fleisig, LLC
25 Main Street
Hackensack, New Jersey 07601

Counsel for Appellant

GARY W. FLANAGAN, ESQ. (Argued)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Counsel for Appellee

_____

OPINION OF THE COURT
_____

HILL, Circuit Judge:
    Appellant John Bauer appeals from the district court order granting summary judgment for appellee Summit Bancorp (Summit) and denying his cross-motion for summary judgment on his claim (Count One) that Summit's Retirement Plan (Plan) violates the Employment Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C.  1001 et seq. because it excludes hourly employees.  Based upon the following discussion, we affirm the judgment of the district court.

I.  BACKGROUND
    A.  Facts
    The material facts are undisputed.  Bauer worked as a Summit sales representative

for approximately eighteen and one-half years, from May 9, 1977, until November 6, 1995.  He was compensated on an hourly basis, apparently to accommodate his schedule as a firefighter.  Thereafter, for approximately 3.667 years, from November 7, 1995, until July 15, 1999, Bauer was compensated by Summit on a salaried basis.  Neither party disputes that in each of the years that Bauer was employed, he completed at least 1,000 hours of service per year.

In 1999, after twenty-two years of employment with Summit, Bauer retired.  He applied for his retirement benefits under the Plan.  Summit's benefit administrators advised him that he was eligible to receive retirement benefits based upon only his 3.667 years of service as a salaried employee.  Although his eighteen-plus years as an hourly employee were not counted in computing retirement benefits for the years he was ineligible to participate in the Plan as an hourly employee, they were counted in satisfying the Plan's five-year vesting period for the years he was eligible to participate in the Plan as a salaried employee.  See Part I.B. infra.

B.  The Plan

The Plan was first implemented in 1980.  It was amended and restated in 1994 and again in 1997.  The portions of the Plan pertinent to this appeal remain in substance unchanged over the years.  See notes 4, 5 infra.  They can be described in terms of the number of credited years of service as an employee in computing benefits, minimum participation/eligibility requirements, and minimum vesting standards.

"Employee" is defined in Section 1.19 of the Plan as "any person who is employed by an Employer who is compensated by a weekly, monthly or annual salary, regardless of the number of hours worked . . . ." (Emphasis added.).  Benefits are calculated based upon a participant's years of service.  Years of service are defined in Section 1.40 of the Plan to mean "a year or fraction of a year . . . during which a Participant is or was an Employee of the Company or a corporation or branch acquired by the Company . . . ." (Emphasis added.).  A year of service is earned "for each calendar year in which [an Employee] is paid or entitled to payment for 1,000 hours by the Corporation."

An eligibility computation period is used to establish an employee's entitlement to participate in a qualified plan.  Section 2.01 of the Plan, regarding minimum participation/eligibility standards, states:

2.01 Eligibility Requirements.

An Employee who was a Participant in the Prior Plan on June 30, 1997, shall continue his participation thereafter if he continues to be employed by an Employer.  Any other Employee shall commence participation in the Plan on the first day of the month following the latest of:

(a) his 21st birthday;
(b) his completion of one Year of Service; or
(c) the date his Employer adopts the Plan.

Each Employee shall automatically become a Participant immediately upon becoming eligible in accordance with the foregoing requirements, and shall continue as a Participant for as long as he is an Employee . . . .

The second basic computation period is the vesting computation period.  It is used to determine what portion of an employee's benefit is non-forfeitable at a given point in time.  Section 7.01 of the Plan required that after five years of service, an employee was 100% vested:

7.01 Vested Percentage of Accrued Benefit.

Upon termination of his employment for any reason other than Retirement, a Participant shall be entitled to the following vested percentage of his accrued benefit:

| Years of Service | Vested Percentage |
|---|---|
| Less than 5 | 0% |
| 5 or more | 100% |

The Plan in this appeal is what has commonly been referred to over the last thirty years as a "salaried-only plan."  Such a plan covers salaried employees of Summit and its subsidiaries, who are age 21 and above, and, who have completed one year of service.  By its terms, Summit hourly employees are not eligible to participate in the Plan.  As stated, years of service as an hourly employee are counted for vesting purposes, but are not counted for participation purposes.

C.  Procedural Background

When Bauer was advised by Summit's benefit administrators that he was eligible to receive retirement benefits based upon only his 3.667 years of salaried service, he exercised his administrative rights under the Plan and appealed to its benefits committee.  He requested benefits under the Plan retroactive to his original date of hire in 1977.  The benefits committee denied his request and affirmed the initial denial of claimed benefits.

Bauer then filed a complaint in federal district court against Summit alleging that its Plan violated ERISA as it excluded hourly employees from participating.  The district court disagreed.  It granted Summit's motion for summary judgment and denied Bauer's cross-motion for summary judgment.  This appeal follows.

## II.  ISSUE ON APPEAL

Bauer raises only one issue on appeal: whether the district court erred in granting Summit's motion for summary judgment on the basis that the Plan did not violate ERISA when it included salaried employees, and excluded hourly employees, as eligible plan participants.

## III.  STANDARD OF REVIEW

We exercise a plenary review of the grant by the district court of Summit's motion for summary judgment, using the same standards as employed by the district court initially.  See Jordan v. Federal Express Corp., 116 F.3d 1005, 1009 (3d Cir. 1997), citing Sempier v. Johnson & Higgins, 45 F.3d 724, 727 (3d Cir. 1995).

## IV.  DISCUSSION

A.  Introduction

Nothing in ERISA requires employers to establish employee benefits plans. Lockheed Corp. v. Spink, 517 U.S. 882, 887 (1996).  Neither does it require that every employee is entitled to participate in a plan that it does decide to offer, for, as the Supreme Court, in Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983), stated:  "ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits."  Id. at 91.  What ERISA does require, however, is that if an employer decides to provide a plan, that plan is subject to certain minimum requirements regarding participation, funding and vesting standards. Id. citing 29 U.S.C.  1051-1086; see also Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504 (1981).

The present ERISA litigation has arisen because Summit has excluded Bauer from participating in its Plan for the years he was employed on an hourly basis, affording him benefits for only the 3.667 years he was employed on a salaried basis.  Bauer claims that he is also entitled to participate in the Plan for each of his twenty-two years of employment.  Bauer, in essence, asserts that he is entitled to benefit coverage although he is explicitly excluded by the terms of the plan itself.  His cause of action arises under 29 U.S.C.  1132.

B.  Statutory Analysis

1.  Recovery of Benefits

An action for benefits under an ERISA plan may be brought only by a participant in or beneficiary of an ERISA plan.  29 U.S.C.  1102(a)(2); 29 U.S.C.  1104(a)(1). Under ERISA, a "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C.  1002(7).  An employee is defined by ERISA as "any individual employed by an employer."  29 U.S.C.  1002(6).

ERISA provides Bauer with a specific cause of action with which to challenge his denial of benefits.  29 U.S.C.  1132.  It authorizes a suit by a participant to recover benefits due under the terms of an ERISA plan or to enforce or clarify rights under the ERISA plan.  29 U.S.C.  1132(a)(1)(B).

A plaintiff must satisfy two requirements to establish participant status. See Wolf v. Coca-Cola Co., 200 F.3d 1337, 1340 (11th Cir. 2000). First, the plaintiff must be a common law employee. See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992). Second, the plaintiff must be, "according to the language of the plan itself, eligible to receive a benefit under the plan. An individual who fails on either prong lacks standing to bring a claim for benefits under a plan established pursuant to ERISA." Id. citing Clark v. E.I. Dupont de Nemours & Co., Inc., No. 95-2845 (4th Cir. Jan. 9, 1997), 105 F.3d 646, 1997 WL 6958 (table).

We are required to enforce the Plan as written unless we find a provision of ERISA that contains a "contrary directive." See Bellas v. CBS, Inc., 221 F.3d 517, 522 (3d Cir. 2000), cert. den. 531 U.S. 1104 (2001); Dade v. North Am. Philips Corp., 68 F.3d 1558, 1562 (3d Cir. 1995). The ERISA provision identified by Bauer in this appeal as a contrary directive is 29 U.S.C. 1052(a).

### 2. Minimum Participation Requirements under 29 U.S.C. 1052(a)

The only limitation imposed by ERISA on any of the requirements for participation is entitled "Minimum Participation," and is set forth in 29 U.S.C. 1052(a). It states: "No pension plan may require, as a condition of participation in the plan, that an employee complete a period of service with the employer or employers maintaining the plan extending beyond the later of the following dates (i) the date on which the employee attains the age of 21; or (ii) the date on which he completes 1 year of service." 29 U.S.C. 1052(a)(1)(A).

The section continues: "A plan shall be treated as not meeting the requirements of [29 U.S.C. 1052 (a)(1)] unless it provides that any employee who has satisfied the minimum age and service requirements specified in such paragraph, and who is otherwise entitled to participate in the plan, commences participation in the plan no later than the earlier of (A) the first day of the first plan year beginning after the date on which such employee satisfied such requirements, or (B) the date 6 months after the date on which he satisfied such requirements . . . ." 29 U.S.C. 1052(a)(4)(emphasis added).

### 3. Minimum Participation Standards and Internal Revenue Code Sections 410(a) and 401(a)

We may look to the Internal Revenue Code to determine whether or not the ERISA section being construed has a "mirror-like counterpart." See Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1144 (3d Cir. 1993). Juxtaposed in the statute alongside the minimum participation standards of ERISA is Internal Revenue Code 410, 26 U.S.C. 410, also entitled "Minimum Participation Standards." It states: "A trust shall not constitute a qualified trust under section 401(a) if the plan of which it is a part requires, a condition of participation in the plan, that an employee complete a period of service with the employer or employers maintaining the plan extending beyond the later of the following dates (i) the date on which the employee attains the age of 21; or (ii) the date on which he completes 1 year of service." 26 U.S.C. 410(a)(1)(A). We then look to IRC 401(a), 26 U.S.C. 401(a), as directed.

IRC 401(a)(5)(A) provides that "[a] classification shall not be considered discriminatory within the meaning of paragraph (4)[regarding contributions or benefits that discriminate in favor of highly compensated employees] or section 410(b)(2)(A)(i) [regarding minimum coverage requirements that discriminate in favor of highly compensated employees] merely because it is limited to salaried or clerical employees." (Emphasis added). A classification limiting plan coverage to salaried or clerical employees shall not, for that sole reason, be considered discriminatory. 26 U.S.C. 401(a)(5)(A); Treas. Reg. 1.401(a)(5)-1(b).

### C. Plan Classifications of Employees

Neither party disputes that Bauer is a common law employee. He thus satisfies the first prong necessary to obtain participant status. See Wolf, 200 F.3d at 1340. We must turn, therefore, to an analysis of the second prong, that is, whether Bauer is an employee eligible for benefits under the terms of the Plan itself. Id.

#### 1. Contentions of the Parties

##### a. Introduction

There has been considerable litigation involving salaried-only plans that exclude employees who are paid by the hour. Perhaps due to the clear language of the statute, 26 U.S.C. 410(a)(1)(A) and 401(a)(5)(A), the case law has focused, not on whether the salaried-only plan classification was allowable under the statute, but whether it

discriminated in favor of highly compensated employees (to the detriment of the excluded hourly workers) as it was applied.

b. Bauer's Argument Regarding Minimum Participation Standards under ERISA as applied to Salaried-Only Plan Classifications

Here Bauer does not contend that the hourly plan classification discriminates in favor of those who are highly compensated in application. Neither does he dispute that, under the express terms of the Summit plan, he is ineligible for benefits for the years he was classified as an hourly employee.

What Bauer alleges is that Summit's salaried-only Plan violates ERISA's minimum participation requirements, 29 U.S.C.  1052(a)(1), by restricting its definition of an employee to those who were salaried. By not crediting his years of hourly employment, the Plan, Bauer argues, imposed an additional requirement not sanctioned by any statute or regulation.

Bauer claims that any employee, however compensated, who works 1,000 hours a year or more is entitled to pension benefits for that year. Bauer contends that, once an employee meets the minimum standard of participation, the latter of reaching age 21 or completing one year of service, he or she is eligible to participate, and Summit cannot impose a third requirement that an employee be salaried.

Other than to cite 29 U.S.C.  1052(a), Bauer does not point to any "contrary directive" in the ERISA statute that would forbid Summit to limit participation in its Plan to its salaried employees. See Bellas, 221 F.3d at 522. The case authority offered in support for Bauer's proposition is an unpublished, unreported, yet factually similar, case from the Southern District of New York. There the issue was raised on a motion to dismiss. Ambris v. Bank of New York, 1997 WL 107632 (S.D.N.Y. 1997).

In Ambris, the employee argued that the hourly classification functioned as an impermissible additional service requirement. In denying the defendant's motion to dismiss, the Ambris court heard no evidence, was limited to the four corners of the complaint, and owed deference to the plaintiff.

Even given this procedural setting, Bauer argues that Ambris is "sound and correctly reasoned" and that "its reasoning is grounded in basic principles of statutory and regulatory construction, i.e., that what Congress says in a statute is what it means . . . . (citations omitted)."

The district court in the Southern District of New York did not "reason" in Ambris. It merely found that, in ruling on a Rule 12(b)(6) motion, it did not appear that the plaintiff had not stated a claim upon which relief could be granted. Ambris, 1997 WL 107632 at *1. From a precedential standpoint, nothing more can be inferred. Unlike the case before us, the merits of the Ambris plaintiff's claim were never reached.

c. Summit's Argument

Summit argues that 29 U.S.C.  1052(a)'s minimum participation standards do not prevent an employer from denying an employee's participation in an ERISA plan as long as that exclusion is made on a basis other than age or length of service. Summit has consistently excluded non-salaried employees from participation. This exclusion is not premised upon an employee's age or length of service.

In support of its position, Summit cites Lynn v. CSX Transp., 84 F.3d 970, 973-74 (7th Cir. 1996)(plan limited participation to non-union, salaried employees, excluding hourly employees from coverage). In addition, Summit contends that the district court correctly dismissed Ambris as unpersuasive.

2. Recent ERISA Litigation Regarding Worker Classifications

Recent litigation regarding the use of statutory ERISA standards to provide benefit plan coverage to certain classifications of workers has centered upon freelancers/independent contractors, leased employees and temporary employees.

a. Freelancers, Agents or Other Independent Contractors

In Capital Cities/ABC, Inc. v. Ratcliff, 141 F.3d 1405 (10th Cir. 1998), the Tenth Circuit upheld the denial of claims for benefits coverage sought by a class of newspaper carriers/delivery agents for the Kansas City Star newspaper. The class of plaintiffs had signed an agency agreement acknowledging that they were independent contractors, not employees, and therefore excluded from participation in the benefits plan. The court, deferring to the terms of the ERISA plans, found that there was no dispute that the carriers had knowingly agreed to be excluded. See also Trombetta v. Cragin Fed. Bank for Sav. Employee Stock Ownership Plan, 102 F.3d 1435, 1439-1440 (7th Cir.

1996)(where the Seventh Circuit found the plaintiffs were not common law employees as they had signed individual agreements designating themselves as independent contractors for all purposes).

### b. Leased Employees
#### 1. The Fifth Circuit - Abraham

In Abraham v. Exxon Corp., 85 F.3d 1126 (5th Cir. 1996), individuals who worked as leased employees were specifically excluded under the terms of Exxon's plans. Id. at 1128. The plan administrator denied the plaintiffs' benefit claims on this basis. The Fifth Circuit affirmed the district court's grant of summary judgment for Exxon. The court concluded that the minimum participation requirements of ERISA 1052(a) did not preclude an employer from denying participation in an ERISA plan if the employer does so for reasons other than age or length of service, stating:

> Section 1052(a) does nothing more than forbid employers to deny participation in an ERISA plan to an employee on the basis of age or length of service if he is at least twenty-one years of age and has completed at least one year of service. Section 1052(a) does not prevent employers from denying participation in an ERISA plan if the employer does so on a basis other than age or length of service.

Id. at 1130 (emphasis added).

Similar results were reached by the Fourth Circuit in Clark v. E. I. DuPont de Nemours and Co., 1997 WL 6958 (4th Cir. Jan. 9, 1997), 105 F.3d 646 (table), the Tenth Circuit in Bronk v. Mountain States Tel. & Tel., Inc., 140 F.3d 1335 (10th Cir. 1998), and the Eleventh Circuit in Wolf v. Coca-Cola, 200 F.3d 1337 (11th Cir. 2000).

#### 2. The Fourth Circuit - Clark

In Clark, the Fourth Circuit found that neither the minimum participation requirements of ERISA, nor the tax provisions requiring that leased employees be counted in determining whether the plan met ERISA's non-discrimination requirements, were sufficient authority to mandate that leased employees be included in the company's plan. Clark, 1997 WL 6958 at **4. The Fourth Circuit specifically held that an employer may exclude some categories of employees from participation in ERISA plans, provided that the plan distinguishes among employees based upon factors other than age or length of service. Id. (emphasis added).

#### 3. The Tenth Circuit - Bronk

Bronk also rejected statutory grounds for determining benefit program eligibility. In succinct language, the Tenth Circuit disagreed with the district court that ERISA's minimum participation standards required that leased employees who met the test for common law employee status be automatically included in the company's plan, whether or not they were excluded under the terms of the plan. Bronk, 140 F.3d at 1338. The Tenth Circuit emphasized, while that plans could not discriminate based upon age or length of service, the employer "need not include in its pension plans all employees who meet the test of common law employees." Id.

As statutory support for this conclusion, the Tenth Circuit cited the language found in 29 U.S.C. 1052(a)(4), referring to employees who were "otherwise entitled to participate in the plan." See Part IV.B.2 and note 17 supra. It concluded that this language "would be superfluous unless Congress intended that plans could impose other participation requirements besides age or length of service." Id. at 1138. We agree.

#### 4. The Eleventh Circuit - Wolf

Most recently, the Eleventh Circuit in Wolf followed the rationale of Abraham, Bronk and Clark. It held that while a computer programmer and analyst, leased by Coca-Cola from an independent staffing company, may have a legitimate argument that she was a Coca-Cola common law employee under the first prong of the participant status test, she was nevertheless not entitled to benefits under the second prong, the terms of Coca-Cola's plan itself. Wolf, 200 F.3d at 1339.

### D. The Present Case

Bauer's novel argument has apparently never been resolved specifically in the context of salaried-only plans. See Lynn, 84 F.3d at 973-74(discussed in note 18 supra). His argument is unsupported by any authority other than an unpublished case from the Southern District of New York involving a motion to dismiss, see Ambris, 1997 WL 107632 at *1, and Bauer's isolation of 29 U.S.C. 1052(a) from the rest of ERISA. Neither has Bauer cited to any contrary directive in ERISA that forbids Summit to

exclude hourly employees from the Plan.  See Bellas, 221 F.3d at 522.
    As the benefits committee denial letter to Bauer originally stated:

    "The first citation [provided to the committee by Bauer], 29 U.S.C.
    1052(a)(1)(A)(ii) . . . provides that a Plan may not impose [a] waiting
    period of more than one year for an otherwise eligible employee.  It does
    not have any bearing in determining which classes of employees are
    eligible.  Your second citation, 29 U.S.C. 1052(a)(3)(A) . . . provides that a
    "year of service" means a year in which at least 1000 hours are worked.
    This also has no bearing on the ability of the Plan to exclude a class of
    employees, in this case hourly employees." (Emphasis added).
    Summit had no duty to create the Plan in this case.  See Shaw, 463 U.S. 85, 91
(1983).   It also had no duty to provide benefits to every employee.  Id.  Summit could
limit plan participation to certain groups or classifications of employees, as long as that
limitation was not based upon age or length of service.  29 U.S.C.   1052(a)(4); 26
U.S.C.    410(a), 401(a)(5).
    We consider the case law considering leased employees as analogous to the case
before us and align our reasoning with that of the Fourth, Fifth, Tenth and Eleventh
Circuits, following the logic set forth in Clark, Abraham, Bronk and Wolf.  See Clark,
1997 WL 6958 at **4;  Abraham, 85 F.3d at 1130; Bronk, 140 F.3d at 1335; Wolf 200
F.3d at 1339.  Barring a contrary directive, we are required to enforce the Plan as written,
as our judicial amendment is not authorized.
                              V.   CONCLUSION
    The judgment of the district court is affirmed.


                              /s/ James C. Hill
                              Circuit Judge